IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Beverley D. Wilson, | ) | C/A No.: 5:19-2028-MBS-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| City of Orangeburg, Michael Butler, Liz Keitt-Zimmerman, John Yow, Orangeburg Department of Public Works, Dean Felkel, Russell Strosnider, Mike Adams, Stillinger Body Shop, Inc., Mack Stillinger, Jr., and City of Orangeburg County Council, | ) | ORDER AND NOTICE |
| Defendants. | ) | |

Beverley D. Wilson ("Plaintiff"), proceeding pro se, brings this action against City of Orangeburg ("City"); Michael Butler, mayor of Orangeburg ("Mayor"); Liz Keitt-Zimmerman, mayor pro tempore of Orangeburg ("Mayor Pro Tempore"); John Yow, individually and as city administrator of Orangeburg ("City Administrator"); Orangeburg Department of Public Works ("Public Works Department"); Dean Felkel, as director of the Department of Public Works ("Public Works Director"); Russell Strosnider, individually and as assistant director of the Department of Public Works ("Public Works Assistant Director"); Mike Adams, individually and as chief of the Orangeburg Department of Public Safety ("Public Safety Chief"); Stillinger Body Shop, Inc.

("Body Shop"); Mack Stillinger, Jr., president of Body Shop ("Body Shop President"); and City of Orangeburg County Council ("County Council") (collectively "Defendants"). Plaintiff alleges civil rights violations and state tort causes of action. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff alleges Public Works Assistant Director wrongfully authorized Body Shop to tow her 2004 PT Cruiser from her back yard on July 19, 2016. [ECF No. 1 at 4]. She asserts neither Body Shop nor Public Works Assistant Director will authorize the return of her car, despite her repeated requests. *Id.* at 6–8. Plaintiff admits Public Works Assistant Director sent her a letter approximately four months prior informing her a city ordinance precluded her from keeping the inoperable and unlicensed car on her property and warning her of potential consequences for failing to take corrective action. *Id.* at 8–9. These consequences included a ticket, a fine, a summons to appear before a magistrate judge, or the City "do[ing] what is necessary to correct the property." *Id.* at 9. She states she petitioned Public Works Department for a financial hardship waiver, but Public Works Department denied her petition. *Id.* at 9–10. Plaintiff contends the car was not inoperable, but admits it was

2

uninsured and unlicensed. *Id.* at 10–11.

Plaintiff describers herself as "of mixed ancestry" and states her immediate neighbors are Caucasian. *Id.* at 14–15. Plaintiff describes City's history of racial and socio-economic discrimination and asserts other City residents have not had their inoperable or unlicensed cars towed despite not having a waiver. *Id.* at 15–16.

Plaintiff asserts violations of her constitutional rights to due process and equal protection, violations of the South Carolina Unfair Trade Practices Act, and causes of action for breach of fiduciary duty, abuse of power, intentional and negligent infliction of emotional distress, and replevin. *Id.* at 17–27. Plaintiff seeks monetary damages and the return of her car, with appropriate restorative repair. *Id.* at 27–28.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis

3

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to

determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant complaint do not fall within the scope of either form of the court's limited jurisdiction.

1. Diversity

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff admits she and Defendants are not diverse. [ECF No. 1 at 2]. Thus, the court lacks diversity jurisdiction.

2. Federal Question

Second, Plaintiff fails to sufficiently allege a viable federal cause of action.

a. § 1983

Plaintiff's claim that Defendants violated her constitutional due process and equal protection rights falls under 42 U.S.C. § 1983. To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege she was injured by "the deprivation of any [of his or her] rights,

privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

i. Not a Person

Only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monnell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Plaintiff has sued Public Works Department and County Council, which do not qualify as persons under § 1983.

ii. Not State Actors

Body Shop and Body Shop President are not state actors and, thus, are not subject to suit under § 1983. Purely private conduct such as that alleged

7

against these defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Thus, Plaintiff's claims against Body Shop and Body Shop President are subject to summary dismissal.

iii. Municipal Liability

Plaintiff alleges violations of her constitutional rights by City, City Council, and Mayor, Mayor Pro Tempore, City Administrator, Public Works Director, Public Works Assistant Director, and Public Safety Chief in their official capacities. Municipalities and municipal employees sued in their official capacities are only liable under § 1983 based on the execution of a government policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Further, a municipality may not be held liable under § 1983 solely because it employs the tortfeasor; rather, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City, North Carolina*, 388 F.3d 440, 451 (4th Cir. 2004). Plaintiff fails to identify a policy or custom that caused the alleged constitutional violations. Thus, her claims against City, City Council, and Mayor, Mayor Pro Tempore, City Administrator, Public Works Director, Public Works Assistant Director and Public Safety Chief in their official capacities are subject to summary

8

dismissal.

### iv. Supervisory Liability

Plaintiff alleges Public Works Director is liable for his role as Public Works Assistant Director's supervisor. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Plaintiff has not alleged an official policy or custom resulting in the alleged constitutional violations or that Defendants, including Public Works Director, were deliberately indifferent to a pervasive, unreasonable risk of harm. Accordingly, Plaintiff's claims based on supervisory liability are subject

9

to summary dismissal.

### v. Due Process

Plaintiff alleges Defendants illegally confiscated her car. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995).

An intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the Due Process Clause because South Carolina afforded a meaningful post-deprivation remedy for the loss). In South Carolina, a plaintiff may bring a civil action for the recovery of personal property against officials who deprive them of property without state authorization. *See* S.C. Code Ann. § 15-69-10. Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986).

Plaintiff fails to allege Defendants acted pursuant to established state

procedure or why South Carolina's post-deprivation remedy is inadequate or unavailable. Accordingly, Plaintiff fails to state an actionable due process claim.

vi. Equal Protection

Plaintiff further alleges Defendants violated her equal protection rights. To state a claim for violation of equal protection, Plaintiff must show Defendants acted with an invidious discriminatory purpose in performing an official act. *See Johnson v. Fernandez*, 2011 WL 3236057, at *4 (D. Md. July 26, 2011) (citing *Washington v. Davis*, 426 U.S. 229, 239 (1976)). Plaintiff does not explicitly allege adverse treatment based on her race, sex, ethnicity, or other status. Even accepting Plaintiff's allegations as true, she fails to offer sufficient factual support to assert a cognizable claim that she was denied equal protection under the law.

b. State Law Claims

Plaintiff's remaining causes of action arise under state law. Causes of action based on state law generally may only be heard in federal court where there is diversity of citizenship among the parties or if there is supplemental jurisdiction based on other viable federal claims. *See* 28 U.S.C. § 1367 (setting parameters of supplemental jurisdiction). Because Plaintiff has not shown the court has diversity or federal question jurisdiction, Plaintiff's state law causes

of action are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by August 28, 2019, along with any appropriate service documents.[1] Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

August 7, 2019  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

---

[1] The court will stay further screening of any proposed Amended Complaint pending final ruling on the undersigned's Report and Recommendation on Plaintiff's motion to proceed in forma pauperis or Plaintiff's payment of the filing fee.